Commonwealth *v.* Orwig et al., Appellants.

384

Argued March 16, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*James G. Glessner,* and with him *John A. Hoober,* for appellants.

*Harvey A. Gross,* for appellee.

OPINION BY LINN, J., July 2, 1929:

Appellants were convicted on indictments charging that each "did knowingly, wilfully and forcibly obstruct, resist and oppose" a named member of the State Police force engaged in serving a search warrant duly issued by a justice of the peace at the in-

stance of a representative of the State Livestock Sanitary Board while searching for diseased domestic animals.

The indictments were authorized by section 8 of the Criminal Code of March 31, 1860, P. L. 382, 386, providing:

"If any person shall knowingly, wilfully and forcibly obstruct, resist or oppose any sheriff, coroner, other officer of the Commonwealth, or other person duly authorized, in serving or attempting to serve or execute any process or order of the court, judge, justice or arbitrator, or any other legal process whatsoever, or shall assault or beat any sheriff, coroner, constable or other officer or person, duly authorized, in serving or executing any process or order as aforesaid, or for and because of having served or executed the same; or if any person shall rescue another in legal custody; or if any person being required by any sheriff, coroner, constable or other officer of the Commonwealth, shall neglect or refuse to assist him in the execution of his office in any criminal case, or in the preservation of the peace, or in apprehending and securing any person for a breach of the peace, such person shall be guilty of a misdemeanor, and on conviction, be sentenced to an imprisonment not exceeding one year, and to pay a fine not exceeding one hundred dollars, or either, or both, in the discretion of the court."

Appellants were also indicted for assault and battery alleged to have been committed in the same transactions, but of these charges, both sets of indictments being tried together, they were acquitted.

1. The first complaint made here is that the evidence is insufficient to sustain the verdict. There is no foundation for the complaint, as the following reference to the record will show. In the performance of duties imposed on it by statute, the Bureau of Ani-

mal Industry in the Department of Agriculture of the Commonwealth (see the Act of July 22, 1913, P. L. 928; Com. v. Falk, 59 Pa. Superior Ct. 217; North American Storage Co. v. Chicago, 211 U. S. 306, 315; sec. 5, 6 and 9 of the Act of May 8, 1919, P. L. 141; as affected by the administrative code—1923 P. L. 650 —; sec. 1, 2, administrative code of June 7, 1923, P. L. 498, Article XV, P. L. 567, sec. 1502) found it necessary in its search for diseased domestic animals to examine cattle on the farm of John Brose, and a cow on the farm of Augustus Diehl, (one of the appellants) both of York County. The occurrences at Brose's farm took place July 26, 1927, and those at Diehl's farm on September 28 and 29, 1927. Where necessary, we shall distinguish what occurred at one farm from what happened at the other, but as the cases were tried together, and as their legal aspects are without difference, we find no difficulty in disposing of them as one, the assignments of error being substantially the same as to all the appellants. To overcome expected resistance by these owners of cattle agents of the Bureau of Animal Industry applied to a justice of the peace of York County for search warrants pursuant to section 7 of the Act of 1913, supra, P. L. 929. One warrant, for the Brose farm, was issued on the affidavit of Dr. Wiley, the authorized agent of the Bureau of Animal Industry, and was directed to "J. Ross Wiley, constable or officer or agent of the Pennsylvania Department of Agriculture, Bureau of Animal Industry." Dr. Wiley was a veterinarian in the service of the bureau. A like warrant, for the Diehl farm, was issued on the affidavit of Dr. Clarkson, attached to the same bureau.

Dr. Wiley, with other veterinarians of the bureau, and accompanied by a number of State Police officers, went to the Brose farm July 26, 1927. There they encountered many persons, among them, the present ap-

pellants in numbers 30, 31, 32, 33 and 34, March T., 1929. Dr. Wiley delivered the warrant to one of the State Policemen accompanying him, to be formally served, and, accordingly, Officer Fox attempted to read it to those present, which included the five appellants just referred to. One of the police officers present and also assisting Dr. Wiley, was Edwin J. Stroman, and the indictments (43 and 44, January Sessions in the court below) name him as an officer who was obstructed, resisted, and opposed in the endeavor to execute the search warrant. He testified that when the officers reached the Brose farm, a crowd of men and women were already there; that appellants impeded the search for and examination of the cattle, and assaulted the officers with fists, sticks and stones. For that conduct appellants were arrested, indicted and tried. A number of witnesses called by the Commonwealth testified in detail to similar conduct. On the other hand, appellants denied the charges made against them by the officers. The jury found defendants not guilty of assault and battery, but guilty on the charges of obstructing the officers, as has been stated. We agree with the learned President Judge of the court below that there was ample evidence, if believed by the jury, to support the verdict; it can therefore not be set aside on the ground suggested.

The occurrences at Diehl's farm took place on September 28 and 29. There was evidence that in a field Diehl had one cow that, as Dr. Clarkson testified, "was condemned on account of tuberculosis and he had refused to dispose of it ......" Armed with the search warrant, the officers drove the cow to their truck for the purpose of removing it. Various persons, among them some of appellants in numbers 36, 37, 38, 39, 40 and 41, March T., 1929, prevented it. There is evidence by a number of witnesses that the failure to remove the cow on the 28th was due to assaults and

threats of those about. As a result of this successful opposition on the afternoon of September 28, the agents of the bureau called to their assistance some forty State Policemen and went to the Diehl farm early on the morning of September 29 to complete the work that was interrupted the day before. A crowd had already preceded them to the scene. The lieutenant in charge of the police, testified that he was rushed by a crowd on the Diehl farm and "was knocked over." Other witnesses testified that the officers were opposed and resisted; that they were struck and threatened. Out of these occurrences at the Diehl farm grew the arrest and conviction of these appellants last referred to. They denied the charges made but the jury (as in the Brose farm case) acquitted them of the indictments for assault and battery and found them guilty of the indictments charging resistance. It was the jury's duty to find the facts and, the evidence being sufficient, we must accept the verdicts.

2. Complaint is made that the court refused a request to charge that the search warrant was void for want of sufficient description "of the defendant John Brose, nor does it describe the defendant John Brose's property in Hopewell Township." It is first to be noted that the request for charge was bad in form; John Brose was not a defendant as described; he was not indicted, though appellants' violation of section 8 of the Criminal Code (supra) took place on his farm. But, in any event, there is no merit in the criticism that the description is inadequate. The constitution, article I, section 8, provides "........ no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be ......." The warrant recited that domestic animals (defined in section 1 of the Act of 1913, P. L. 928, supra) were owned by and in the possession of or on

the premises of John Brose in the Township of Hopewell bounded by or adjoining the lands and premises of Sterile Orwig and others. There is no evidence to indicate that the description was not accurate "as nearly as may be" and entirely sufficient; on the contrary, the evidence is to the effect that not only the officers but John Brose and the crowd that gathered on the premises, including appellants, all agreed in indentifying him and the premises to be searched. It is enough to describe a definite ascertainable place excluding all others; that was done here. So too, the object of the search was "domestic animals;" they were to be examined and tested; there is no pretense that anyone misunderstood what was intended or the purpose of the search; the description was sufficient: see Com. v. Schwartz, 82 Pa. Superior Ct. 369, 373 and 376 and cases there cited. Appellants contend that the statute is unconstitutional because in section 7 (1913, P. L. 929) it provides that the warrant "need not describe the animal or animals or poultry which are alleged to be or have been diseased which are or have been confined or left on such premises." We need not pass on the constitutionality of the extract quoted, because we consider the description in the warrant such as the circumstances of the case ordinarily allow, and that is all that the constitution requires. This is not the case of a warrant to search for stolen goods, or for some specific article belonging to another, which can readily be, and for that reason is required to be described with accuracy. Warrants have been sustained in which the objects sought in the search were described by general words, such as "intoxicating liquors," or for "implements designed and intended for use in the unlawful manufacture of intoxicating liquors": Com. v. Schwartz, supra; or for "gambling implements and apparatus used, kept and provided to be used in unlawful gambling": Frost v.

People, 193 Ill. 635, 639; or for "jewelry and other personal effects": Moore v. Cox, 10 W. N. C. 135. A party not affected by it, will not be heard to complain that a part of a statute is unconstitutional: Premier C. & B. Co. v. Pa. Alcohol P. B., 292 Pa. 127, 132.

3. Complaint is also made that the search warrants were read by officers other than those to whom they were by name directed. The point is without merit. The officers to whom the warrants were directed were present and participating in their execution; they were authorized—and their experience at both the Brose and Diehl farms, shows that it was necessary—to call to their assistance the State Police. Officer Stroman, who was named in one indictment, and Officer Miller, named in the other, were members of the State Police (June 3, 1919, P. L. 366, administrative code, supra, 1923, P. L. 498, Article IV) and were authorized by section 501, P. L. 533, to perform any duty for the Bureau of Animal Industry which that bureau "might require of the employees of its own department." They were therefore not only within the common law rule justifying them in assisting in the service of lawful process at the request of the officer to whom it is directed, but within the provisions of section 7 of the statute conferring on "such officer, agent or employee armed with such search warrant ...... all the authority of a constable or other peace officer in the execution of such warrant."

4. Complaint is made of the exclusion of an offer of evidence (which will appear in the reporter's statement of the case) "to rebut proof of criminal intent." For any one of several obvious reasons, the objection was properly sustained. What was promised two years before by unnamed persons whose authority was not stated, could not be permitted to set aside the duty imposed by the statute on the Bureau of Animal Industry, or otherwise excuse the defendants

for taking the law into their own hands.

5. Complaint is also made of several extracts from the charge. After quoting to the jury section 8 of the criminal code (supra) the trial judge continued his charge to the jury, saying that if "any of these defendants were engaged on these occasions in resisting or interfering with the performance of their duties by any of these representatives of the State government whether by words or blows, you would be warranted in finding a verdict of guilty for that charge of obstructing an officer against the person who ...... was guilty of it." This is said to be erroneous because only one officer was named in each indictment, Stroman in one case, and Miller in the other. Even if the language be read as relating to others than Stroman or Miller, the charge is not objectionable; the evidence shows that at the Brose farm and at the Diehl farm, obstruction and resistance took place when all the officers were together.

6. There is no merit in the criticism of the use of the words "undisputed evidence" in the extract quoted from the charge in the 7th assignment; if the remainder of the sentence, not quoted in the assignment, is read, it will appear free from adverse criticism.

7. The only remaining complaint, that the court commented favorably on the qualifications of some of the witnesses called by the Commonwealth, does not merit discussion.

The judgments are affirmed.