Seaboard Container Corporation *v.* Rothschild
(et al., Appellant).

Argued December 3, 1947; reargued January 12, 1948. Before MAXEY, C. J., LINN, STERN, PATTERSON and JONES, JJ.

*David H. H. Felix*, with him *Felix & Felix*, for appellant.

*Horace Michener Schell*, with him *Reuben E. Cohen* and *Alma H. Arnold*, for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, January 19, 1948:

Plaintiff, Seaboard Container Corporation, a Pennsylvania corporation, filed an action in trespass against defendant Edwin L. Rothschild, trading as Rothschild Construction Company, and additional defendant Max Corchin, Inc., appellant, for damages to personal property resulting from a fire allegedly due to appellant's negligence, and after trial recovered a verdict for $4,559.04. A rule for judgment n. o. v. and a new trial were denied. This appeal followed.

Appellant was engaged by the defendant as subcontractor to do certain repair, renovation, and reconstruction work on a crane run-way on premises occupied by plaintiff at South 49th St., Philadelphia. The parties to the contract for repairs were the Pennsylvania Company for Insurances on Lives and Granting Annuities, mortgagee in possession of the aforesaid premises, and Edwin L. Rothschild, trading as Rothschild Construction Company, contractor.

The work undertaken by Max Corchin, Inc., as an independent contractor, consisted of "reënforcing the steel columns to the building" by the use of "acetylene torches, rivets and riveting gun". The building, which was a warehouse for wrapping paper, was settling and required bracing "so that it wouldn't settle any more". On February 1, 1941, while appellant was engaged in the performance of its sub-contract, a fire occurred caused by a "hot rivet" which damaged plaintiff's wrapping paper stored inside the building.

At the trial, plaintiff's counsel introduced the testimony of appellant's general erection superintendent,

Jack Corchin, and that of the foreman on the job, Foss Munksjaard. Plaintiff rested at the close of these witnesses' testimony, whereupon defense counsel made a motion for a nonsuit "on the ground that they haven't even shown agency, much less negligence." The trial judge recognizing plaintiff's failure to establish agency and negligence permitted its counsel to recall the last witness. After re-examination of the witness, defense counsel said "No questions". The motion for a nonsuit was denied on the following day. Defendant thereupon requested permission to cross-examine plaintiff's witnesses in order "to strengthen or weaken the testimony" on the ground that after the close of his case plaintiff's counsel was "permitted to reopen it again." This request was denied and the trial proceeded to a verdict.

The record discloses that about a week before appellant began its work, Jack Corchin, general erection superintendent, after making a survey of the building, approached Mr. Rosenfeld, treasurer of plaintiff company, and advised him "that all papers that might burn should be removed, covered or otherwise disposed of so that it wouldn't burn." Mr. Corchin testified that "He [Rosenfeld] assured me that the rolls of paper, the way the paper was rolled—it was heavy wrapping paper and it wouldn't burn under any conditions. However, near the front door there were some scraps of paper from the rolls . . . He told me that he would take care of all of that and not to worry about any part of that, just to go ahead and do my work." In view of plaintiff's failure to remove or protect this paper lying inside the building, Foss Munksjaard, on February 1, 1941, obtained a piece of "greasy tarpaulin" from an employee in plaintiff's Maintenance Department and laid it on top of the paper to shield it against "hot rivets". At that time one of Munksjaard's men "was cutting rivets off" "with an acetylene torch". The rivet got hot and "fell from the column". According to Munksjaard's testimony the

"rivet fell right down on the tarpaulin and the tarpaulin blew up, caught fire, the grease. The first thing we done was, we grabbed the tarpaulin and threw it out on the platform. . . . Me and a couple of other fellows, we grabbed hold of it [the tarpaulin] and carried it out and let it burn. . . . While it was burning we threw it out there and we came back with other water and I grabbed the paper. In ten or fifteen minutes the fire was out, but in the meantime the engines [from the Fire Department] came there and squirted some chemical stuff on the scrap paper." He added that "The fire was out when the engine came there . . . but they poured the chemical on anyhow."

The sole issue is as to the right of recovery. It is claimed that plaintiff's failure to protect its paper against the possibility of becoming ignited after its treasurer received the above-stated warning, amounted to a voluntary assumption of risk and that plaintiff's Maintenance Department employee's supplying appellant's workman with the greasy tarpaulin was evidence of contributory negligence.

The trial judge is charged with error: (1) In allowing plaintiff to re-open its case after it was closed, appellant made a motion for nonsuit, and the court indicated that plaintiff failed to establish a cause of action. (2) In refusing to allow counsel for the Appellant (additional defendant below) to cross-examine the witness recalled by the plaintiff after plaintiff had once closed its case and motion for nonsuit had been made and plaintiff was allowed to reopen its case and then had reclosed its case and a second motion for nonsuit had been made and refused by the Court. (3) In refusing to charge the jury on the law of contributory negligence in Pennsylvania and (4) In charging the jury: "In such circumstances, (the circumstances of the instant case) the defense of assumption of risk or contributory carelessness would not be available to the defendant."

The matters complained of in defendant's first and second assignments of error relate to the exercise of the trial judge's discretion, and that will not be interfered with except for clear abuse of its discretion. 26 R.C.L. 1042, section 48 states: "It is well settled that a trial court, for the purpose of receiving further evidence, may reopen a case after the parties have rested, though it should never do so except for good reasons and on a proper showing, and this power continues after the case has been given to the jury and before they have delivered their verdict."

"It is common practice for the presiding judge, where counsel for the plaintiff has omitted evidence by accident, inadvertence, or even because of a mistake as to the necessity for offering a particular witness or particular evidence, to allow the case to be reopened and additional evidence introduced in order to prevent a nonsuit": 26 R.C.L. 1043, section 49. The challenged court's action was not an abuse of discretion. Nor do we find any abuse of discretion in the court's denial of defendant's request to cross-examine plaintiff's witnesses for impeachment purposes. Defendant's counsel had ample opportunity to cross-examine the witnesses at the time he said: "No questions". We reject the contention of defendant that it should be granted "a second opportunity as the plaintiff had to strengthen or weaken the testimony".

The remaining assignments of error relate to the trial judge's refusal to instruct the jury with regard to the doctrine of contributory negligence and to his declaring as a matter of law that such defense was unavailable to the defendant. Defendant avers that before it proceeded with its work it "warned plaintiff to remove inflammable goods and plaintiff said that it would but even if it did not [do so] defendant should not bother about it but go on with its work". Defendant argues that this act of omission on the part of plaintiff, coupled

with the fact that plaintiff's Maintenance Department employee had supplied defendant with the greasy tarpaulin, justifies the inference of contributory negligence and a voluntary assumption of risk. The court in its opinion said: ". . . its [plaintiff's] failure to do so [remove the paper] was not, in our judgment, a proximate cause of the fire. That may have made it possible for the paper to be damaged by the fire and the department's efforts to extinguish it, but it in no sense caused the fire that was started by the subsequent, intervening and negligent use of the tarpaulin by the defendant's employees. . . . It was the use that the foreman made of the tarpaulin after he borrowed it with full knowledge of its dangerous condition that was clearly the proximate cause of the fire . . ."

We agree with the conclusions thus expressed. Of course, if plaintiff could reasonably have foreseen that a hot rivet or other ignitive object was likely to be dropped on the tarpaulin and cause it to burst into flame, the plaintiff would have been under the duty to take adequate means to meet that reasonably foreseeable contingency. The tarpaulin the foreman used, instead of being an insulation against fire, as the situation required, was in a condition to burst into flame as soon as blazing hot rivets fell upon it. But the ordinary individual whose conduct is being adjudged as to its alleged want of care under certain circumstances is not compelled in order to avoid the imputation of negligence to show that even a specialist in foreseeability could not have foreseen the likelihood of the happening which actually took place. See *Andrews v. Smith et ux.,* 324 Pa. 455, 188 A. 146, where we quoted with approval what Justice HOLMES of the Supreme Judicial Court of Massachusetts said in *Com. v. Pierce,* 138 Mass. 165, as follows: " 'Knowledge of the dangerous character of a thing is only the equivalent of foresight of the way in which it will act. If the thing is generally supposed to

be universally harmless, and only a specialist would foresee that in a given case it would do damage, a person who did not foresee it and who had no warning would not be held liable for the harm. . . .' "

In *McClung v. Penna. T. Cab Co.,* 252 Pa. 478, 97 A. 694, we held that a person injured by the negligence of another is not deprived of all remedies merely because, at the time, he was occupying an unusual position in a conveyance, unless he thereby coöperated in causing his injuries. It is rarely, if ever, that a person can have negligence imputed to him because he did not foresee another's negligence and take appropriate action in anticipation of it.

Contributory negligence is defined in 45 C.J. 942, section 501, as "conduct for which plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury, and which, concurring and coöperating with actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause. Contributory negligence is usually the personal default of plaintiff; and it must be either his own or that of someone whose negligence is legally attributed to him." There was nothing in this case from which any reasonable person could infer plaintiff's negligence. Plaintiff had the right to assume that defendant by its employees would perform *with due care* the work contracted for. Plaintiff was not bound to anticipate that defendant would allow hot rivets to fall on the floor *without defendant's providing some means of rendering them harmless.* Defendant recognized this obligation when its "foreman in charge of the work" asked "some man" in plaintiff's maintenance department "for a tarpaulin to cover the paper". When the maintenance man gave the tarpaulin to the foreman the latter said, "Don't you think there is a lot of grease on the tarpaulin?" If the trapaulin, because of its greasy condition was

not adapted to the function of "catching" hot rivets as they fell and preventing their igniting paper and other property the defendant's foreman should not have used it for that purpose. It was the duty of the defendant to provide a competent and careful foreman for the work contracted for. Plaintiff was not bound to anticipate that the defendant would *not* place such a foreman in charge of the work. We have often stated that one cannot be adjudged negligent for failure to anticipate another's negligence. In this case it was the court's duty to hold as a matter of law that plaintiff was not negligent. See *McCracken v. Curwensville Boro.,* 309 Pa. 98, 114, 163 A. 217; *Goodstein v. King,* 298 Pa. 313, 148 A. 300.

In performing its work, defendant employed a dangerous instrumentality, to wit, a greasy tarpaulin which a hot rivet would easily ignite, "While no absolute standard of duty in dealing with such agencies [i. e., dangerous agencies] can be prescribed, it is safe to say in general terms that every reasonable precaution suggested by experience and the known dangers of the subject ought to be taken." *Koelsch v. The Philadelphia Co.,* 152 Pa. 355, 362, 25 A. 522. Since the hot rivets produced and let fall by defendant's employees while at work were a source of danger to plaintiff's property, defendant was under the duty of utilizing every practicable means to protect plaintiff's property against damage likely to be caused by them. The use of greasy and therefore inflammable tarpaulin was under the circumstances negligence. The fact that the tarpaulin was procured from an employee of the plaintiff did not constitute contributory negligence on the part of the plaintiff.

The judgment is affirmed.

DISSENTING OPINION BY MR. JUSTICE JONES:

In my opinion, the trial court's refusal to charge the jury, as requested, on the question of the plaintiff's assumption of the risk of injury to its property from the work in contemplation was, in the light of the evidence in the case, error. The judgment should therefore be reversed and the case sent back for a new trial.

Mr. Justice HORACE STERN joins in this dissent.