## Alford v. Bailey

*Robert J. Kilgore,* for plaintiffs.

*Jiuliante, Jiuliante, Kelleher & Restifo,* for defendants.

LAUB, J., June 26, 1961.—This is an action in trespass for injuries allegedly suffered by plaintiffs as a result of an assault and battery by two members of the Pennsylvania State Police. As originally instituted, the action was also against three other defendants, all of whom are agents of the Pennsylvania Department of

Agriculture, but these latter defendants were removed by the court at the close of plaintiffs' evidence at the first trial of the case. The first trial, at which plaintiffs were represented by counsel, resulted in a disagreement and the matter was tried the second time. At the second trial, plaintiffs acted as their own counsel and the verdict of the jury was for defendants. Plaintiffs then moved for a new trial and the matter was argued by competent counsel before the court en banc. The rule granted on plaintiffs' motion for a new trial was discharged, and, as we understand it, plaintiffs have now taken an appeal to the Superior Court and again they are unrepresented. We have not been served with the customary notice of appeal which requires us to express in writing the reasons for our action, but because plaintiffs are unrepresented, we feel it our duty to file such reasons at this time.

The action arose out of a peculiar set of circumstances. The plaintiffs are the owners of a single cow upon which they apparently have lavished considerable love and affection. Because the cow has become more of a pet than an item of livestock, plaintiffs have persistently refused to permit the agents of the Department of Agriculture to test her for Bang's disease, thus making it impossible to complete satisfactory certification of the county to the Secretary of Agriculture. In the year 1956, after having made repeated attempts to test the cow and after having been met with strenuous objections by plaintiffs, the agents of the Department of Agriculture sought and secured a search warrant to enable them to have the proper tests conducted. Authority for their conduct may be found in the Act of July 22, 1913, P. L. 928, sec. 7, 71 PS §1222, which empowers employes of the State Livestock Sanitary Board to secure search warrants where permission to enter premises has been denied. The State Livestock Sanitary Board was abolished by the Administrative

Code of April 9, 1929, P. L. 177, article XVII, which, in section 1708, 71 PS §448, confers upon the Department of Agriculture all of the powers formerly by law vested in the board. Having obtained the search warrant and being fearful of resistance, the agents of the department then asked for the assignment of State policemen to assist in the search and in the conduct of the necessary tests. The officer in charge of Corry substation of the State Police to whom the request was made, assigned the present defendants to assist in the search. As provided by section 712(a) of the Administrative Code, as amended, 71 PS §252(a), defendants were authorized and empowered to assist in such search. They also had the common law power to do so: Commonwealth v. Orwig, 96 Pa. Superior Ct. 383, 392.

On August 23, 1956, armed with the above-mentioned search warrant, the three agents of the Department of Agriculture, accompanied by the two defendants, repaired to plaintiffs' farm. In the meantime, and without the knowledge of the agents or the police, plaintiffs had secured a veterinarian to conduct the test. When the officers arrived at the farm, plaintiffs showed an illegible piece of paper bearing the name of the veterinarian and insisted that the officers had no right to conduct the test under the circumstances. Being mindful of plaintiffs' constant refusals and stratagems in the past and being unable to read the tendered paper, the officers determined to conduct the test and conclude the matter, the test being an extremely mild extraction of blood from the cow without any danger or involvement of great pain. Nothing of an untoward nature occurred until the actual test was made but when the cow evinced a mild protest over the test, Corrington Alford started toward the direction of the agents. One of defendants stepped in front of him and placed a detaining hand on his arm. Plaintiffs testified that there was a violent assault on Mr. Alford and severe restraint

executed by the other State policeman upon Mrs. Alford but the officers denied this and the jury accepted the defendants' version. Since the trial was error free and the matter properly submitted to the jury, we are bound by the jury's verdict to accept defendants' contentions as fact.

At the argument before us, counsel contended that the officers were without power to conduct the search after having been tendered the slip of paper mentioned above. It was counsel's view that once plaintiffs showed that they had arranged for the test, the officers' powers to conduct the search and test disappeared and thereafter, no matter what restraint they put upon plaintiffs, their action was a trespass, entitling plaintiffs to nominal damages at least. This, of course, was untenable. Once it became established that plaintiffs had refused to permit an entry, the terms of the Act of 1913, supra, were satisfied, and the issuance of a search warrant was lawful. It would not lie with the officers to conduct any further investigation on their own or to disobey the mandates of the warrant, and, in the light of the delaying and other tactics of plaintiffs, they were fully justified in discharging their duties. We found no error in the trial judge's instructions that the search was lawful provided no unreasonable or unconscionable force was used.

The only other error alleged by counsel was the trial court's granting of permission to defendants to reopen their case and present moving pictures in evidence. Mrs. Alford had maintained at trial that she was so disabled by the restraint put upon her that she was unable to perform her usual household chores; that her arm was injured, disabling her from doing any lifting of any sort. The moving pictures in question showed Mrs. Alford in the act of lifting and carrying heavy bags of material and depositing them in a spreader some distance from the truck which held them origi-

nally. An officer took the pictures from a place of concealment some time after the day of the search. He identified the persons and objects shown on the pictures and gave the time and place of their taking. Under the circumstances, we can see no error in the admission of the pictures. The deputy attorney general who tried the case on behalf of defendants was not aware of the availability of the pictures at the time he rested his case and only discovered their availability during the recess that followed. The trial judge caused the pictures to be shown in chambers in the presence of the parties and out of the presence of the jury prior to receiving them in evidence and satisfied himself that they were of sufficient clarity and importance to justify their admission. In this he was acting within his considered discretion: Seaboard Container Corporation v. Rothschild, 359 Pa. 51, 56; and we found no error in permitting the case to be reopened and the pictures exhibited to the jury. It might be noted in passing that the plaintiffs did not deny that the pictures were taken of Mrs. Alford in the acts described by the witness and as shown by the pictures.

For these reasons we denied plaintiffs' application for a new trial.