542 A.2d 627

Marcella Jean Morgo and Edward M. Morgo, her husband, Appellant *v.* Borough of West Mifflin, a municipal corporation, and Harold W. Hathaway, an individual, Appellees.

Argued March 22, 1988, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Todd Berkey,* with him, *Bernard M. Tully, Stokes, Lurie & Cole,* for appellants.

*Francis X. McTiernan, Jr.,* with him, *Cathie J. Fagan, Wayman, Irvin & McAuley,* for appellee, Borough of West Mifflin.

OPINION BY SENIOR JUDGE KALISH, June 7, 1988:

Appellants, Marcella Jean Morgo and Edward M. Morgo, her husband, appeal from a judgment order by the Court of Common Pleas of Allegheny County denying a new trial after a jury, in a bifurcated trespass case, returned a verdict in favor of the Borough of West Mifflin and Harold W. Hathaway, appellees. We affirm.

Mrs. Morgo was operating a pickup truck and was stopped at a red light at the intersection of the entrance to the Allegheny County Airport and Lebanon Church Road in Allegheny County, Pennsylvania. She had intended to cross the road, and when the light turned green she started slowly across the road. At that time, the Borough's fire truck, driven by Harold W. Hathaway (driver), went through the red light and collided with

Mrs. Morgo's truck. The fire truck was on an emergency call at the time of the accident.

Mrs. Morgo contends that she sustained personal injuries and damages when she was struck by the Borough's fire truck which was proceeding through the red traffic light *without* using the required emergency lights or siren before the impact. At the trial, Mrs. Morgo testified that she did not remember hearing or seeing any audible or visual signals used on the fire truck. Notes of Testimony (N.T.) at 30-31.

The trial court permitted into evidence, over the objection of appellants' counsel, the statement of police officer Ronald Darney, who did not appear at the trial, but appeared and testified at the arbitration hearing. Officer Darney testified that when he arrived at the scene of the accident Mrs. Morgo told him that she was about halfway through the intersection when she noticed a fire truck with its red lights on. N.T. at 7.

Mrs. Morgo contends that the trial court abused its discretion in allowing the testimony of Officer Darney to be read to the jury without establishing on the record a foundation for the unavailability of Officer Darney or any attempts made to secure his appearance at trial.

The admissibility of the testimony of a witness given at a prior proceeding involves the discretion of the trial judge and will not be disturbed absent an abuse of such discretion. *Katz v. Montague*, 181 Pa. Superior Ct. 476, 124 A.2d 506 (1956). Here, counsel for the appellees advised the court that she was not able to locate Officer Darney. N.T. at 3. Officer Darney had been examined and cross-examined in the prior proceeding before the Board of Arbitration.

Mrs. Morgo next contends that the charge to the jury was erroneous because it allowed the jury to conclude that the driver of an emergency vehicle may proceed without due regard for the safety of others as long

as he proceeds through a red light while using the required audible and visual signals.

In its charge to the jury, the court said:

The plaintiff contends that she sustained damages when she was struck by the defendant's fire truck which was proceeding through a red traffic signal without using the required audible and visual emergency signals. The plaintiff has the burden of proving that claim. . . . In this case, the plaintiff has the burden of proving that the defendant's authorized driver proceeded without due regard for the safety of others by driving . . . through a red light *without* [emphasis added] making use of the audible and visual signals. Accordingly, if you find that the plaintiff has by a preponderance of the evidence established that the defendant's authorized driver proceeded without due regard for the safety of the plaintiff by driving the emergency vehicle through the red light without making use of the required audible and visual signals, you will find in favor of the plaintiff. N.T. at 13-17.

Counsel for Mrs. Morgo objected to the charge and asked the court to charge that "whether or not the traffic signals or lights were on, if the fire truck was proceeding without due regard for the safety of others, and the plaintiff has met that burden by a preponderance of the evidence, that you must also find for the plaintiff in this case." N.T. at 24. The court indicated that the jury had been properly charged under the evidence. N.T. at 24.

The charge of the court must be read against the background of the evidence. In *Marlowe v. Travelers Insurance Co.*, 313 Pa. 430, 169 A. 100 (1933), our Supreme Court stated, "It is manifestly improper for a court, as here, to submit to a jury, for their determination, a point which the evidence does not warrant." *Id.*

at 432, 169 A. 101. Under the circumstances and the evidence in this case, it would have been error to charge the jury as Mrs. Morgo requested since under the evidence the only issue was whether the fire truck's lights were on.

After a short period of deliberations, the jury wrote a note to the court and asked, "Will you please interpret the phrase, due cause, for us?" N.T. at 23.

The Judge responded by rereading a portion of his previous charge to the jury:

> In this case . . . The plaintiff has the burden of proving by a preponderance of the evidence, that the defendant's authorized driver proceeded without due regard for her by driving an emergency vehicle through a red light without making use of the required audible and visual signals. N.T. at 24.

Section 3105 of the Vehicle Code (Code), 75 Pa. C. S. §3105, grants special privileges to emergency vehicles, such as exempting them from certain traffic laws when responding to an emergency call. However, these special privileges shall only apply when the emergency vehicle is making use of its audible and visual signals. Section 3105 of the Code, *as amended,* 75 Pa. C. S. §3105.

Section 3105(b) of the Code, 75 Pa. C. S. §3105(b), provides that "the driver of an emergency vehicle may . . . proceed past a red signal indication or stop sign, but only after slowing down as may be necessary for safe operation." This is not an absolute and must be observed with due regard for the safety of all persons using the highway. Furthermore, it does not protect the driver from the consequences of a *reckless* disregard of the safety of others. *Omek v. City of Pittsburgh,* 387 Pa. 128, 126 A.2d 425 (1956); *Junk v. East End Fire Department,* 262 Pa. Superior Ct. 473, 396 A.2d 1269

(1978). In *Junk*, the court said, "The various provisions of the emergency vehicle doctrine make clear that to prove an operator of such a vehicle liable, the plaintiff must prove more than simple negligence. . . . that is, recklessness." *Id.* at 483, 396 A.2d 1273.

A person acts negligently when he knows that his conduct creates an unreasonable risk of bodily harm to others, but this conduct is reckless when it is accompanied by a high degree of probability that substantial harm will result. *Reilly v. Philadelphia*, 328 Pa. 563, 195 A. 897 (1938). Here, Mrs. Morgo introduced no evidence concerning the speed of the fire truck or whether it slowed down at the intersection. The only evidence produced by Mrs. Morgo was that she did not remember hearing or seeing the audible or visual signals of the fire truck as it approached the intersection.

Under the circumstances, the trial court did not abuse its discretion. Accordingly, we affirm.

### ORDER

Now, June 7, 1988, the order of the Court of Common Pleas of Allegheny County No. G.D. 80-17168, dated October 26, 1986, is affirmed.

Judge COLINS dissents.