Geraldine **BEAUMONT**, Administratrix of the Estate of James Beaumont, Deceased,

v.

**ETL SERVICES, INC.** and John R. Gergely t/d/b/a Gergely Truck Sales.

Appeal of John R. Gergely t/d/b/a Gergely Truck Sales.

Superior Court of Pennsylvania.

Submitted June 13, 2000.

Filed Oct. 13, 2000.

---

John T. Olshock, Washington, for appellant.

Joseph H. Fox, Washington, for ETL Services, appellee.

Matthew W. Loughren, Pittsburgh, for Beaumont, appellee.

BEFORE: POPOVICH, FORD ELLIOTT and BROSKY, JJ.

BROSKY, J.

¶ 1 This is an appeal from the Judgment entered August 18, 1999 [1] in the Court of Common Pleas of Washington County, denying Appellant, John R. Gergely's ("Gergely") Motion for Post–Trial Relief. We affirm.

¶ 2 The relevant background follows:

This product liability case arises from injuries James Beaumont sustained [on October 25, 1989] while operating a crane component of a railroad track maintenance vehicle. The above-captioned case was tried before a jury March 22 through March 25, 1999, with the jury rendering a verdict in favor of the [Appellee] and awarding total damages in the amount of $330,000.00.

1. We note that Appellant incorrectly refers to the Order of August 20, 1999 denying Post–Trial Motions as the order appealed from. However, judgment was entered by Praecipe of Beaumont on August 18, 1999, pursuant to Pa.R.C.P. 227.4(1)(b) which permits judgment to be entered by any party, if the trial court has not disposed of all Post–Trial Motions within 120 days of the filing of the first Post–Trial Motion. In this case, the first Motion was docketed April 5, 1999. Accordingly Beaumont properly entered judgment more than 120 days later. This does not effect the timeliness of Appellant's appeal because the Notice of Appeal was filed on September 16, 1999.

The [Appellant's] Motion for Post–Trial Relief is predicated upon two alleged errors committed by the [c]ourt at trial. First, Gergely contends the [c]ourt erred in not granting the [Appellant] a nonsuit and in instructing [Appellee's] counsel to reopen his case-in-chief. Secondly, the [Appellant] asserts the [c]ourt improperly permitted the introduction into evidence of hearsay former testimony from Herbert Gronemeyer, a former employee of the crane manufacturer, and the decedent, James Beaumont.[2]

At the conclusion of the [Appellee's] case-in-chief, pursuant to Pennsylvania Rule of Civil Procedure 230.1, [Appellant] Gergely moved for entry of a compulsory nonsuit claiming the [Appellee] failed to prove a prima facie case by not advancing any evidence regarding the circumstances of the crane accident precipitating James Beaumont's injuries. Following a side bar, during which time the [c]ourt indicated [Appellee's] counsel had neglected to present evidence concerning the facts underlying the accident, the [c]ourt directed the [Appellee] to reopen their case. (R. at 109–113). Gergely asserts the [c]ourt improperly ordered [Appellee's] counsel to reopen the case necessitating a judgment notwithstanding the verdict in favor of the [Appellant], or a new trial.

Trial Court Opinion, 8/20/99, at 1–2.

¶ 3 Appellant thus asserts two issues on appeal: (1) whether the trial court abused its discretion in denying the motion for nonsuit and in directing Appellee's counsel to reopen his case, when counsel "persisted in a strategy to prevent the jury from hearing any testimony concerning the circumstances of the accident of the plaintiff's decedent"; and (2) whether the trial court erred in admitting hearsay testimony of Appellee's decedent and from a former employee of the manufacturer of the alleged defective product.[3]

■ ¶ 4 "It is well-settled that the decision of a trial judge to permit a party to reopen its case will not be reversed on appeal absent an abuse of discretion." *Quandel v. Slough Flooring*, 384 Pa.Super. 236, 558 A.2d 99, 103 (1989) *citing Perkiomen Twp. v. Mest*, 513 Pa. 598, 522 A.2d 516 (1987); *Beneshunas v. Independence Life & Accident Insurance Co.*, 354 Pa.Super. 391, 512 A.2d 6 (1986); *Warren v. Mosites Construction Co.*, 253 Pa.Super. 395, 385 A.2d 397 (1978).

> The Supreme Court in *In re J.E.F.*, 487 Pa. 455, 409 A.2d 1165, 1166 (1979), said: "[t]he general rule is that 'a court may, in its discretion, reopen the case after a party has closed for the taking of additional testimony, but such matters are peculiarly within the sound discretion of the trial court....'" Such a ruling will be disturbed only if the court has abused its discretion. However, *a case should ordinarily be reopened "where it is desirable that further testimony be taken in the interest of a more accurate adjudication and where an honest purpose would be justly served without unfair disadvantage."*

*Beneshunas, supra,* at 9 (other citations omitted) (emphasis added).

■ ¶ 5 Our Supreme Court has found it both common practice and proper

---

**2.** James Beaumont died in an unrelated fire on December 7, 1992.

**3.** Appellant's Brief at 4. Mr. Beaumont filed the instant lawsuit on July 15, 1991 in the Court of Common Pleas of Washington County. On October 24, 1991, Beaumont filed a second lawsuit in Washington County against Simon–R.O. Corporation, the original designer and manufacturer of the crane, which Simon–R.O. had removed to federal court. On September 23, 1992, counsel for Simon–R.O. took the deposition of Mr. Beaumont. After Mr. Beaumont's death, fn. 1 *supra*, Mr. Beaumont's Administratrix was substituted as a party plaintiff and the federal case went to jury trial in April 1994, whereupon the jury found that the crane was not defective when originally sold by Simon–R.O. in 1979. During the course of the federal court action, Mr. Gronemeyer, an employee of Simon–R.O. at the time the crane was designed, was also deposed.

for the presiding judge to reopen a case to introduce additional evidence after the plaintiff has rested, where counsel has omitted evidence by accident, inadvertence, or even because of mistake as to its necessity, in order to avoid a nonsuit. *Seaboard Container Corp. v. Rothschild*, 359 Pa. 51, 56, 58 A.2d 800, 802 (1948). However, a case will not be reopened if the omission was intentional. *Ebersole v. Beistline*, 368 Pa. 12, 82 A.2d 11 (1951). With these principles in mind, we review the circumstances of the trial court's ruling.

¶ 6 Immediately after reading damage testimony from the deceased's deposition into the record, counsel rested. A lengthy exchange then transpired between the court and counsel, the pertinent portions of which are reproduced hereinafter:

The Court: How can you not put in the circumstances of the accident?

Mr. Olshock: I would demur to the evidence. He hasn't proved his case.

Mr. Loughren: All of the circumstances of the accident that are relevant and admissible in this case have been put on the record by way of testimony of John Gergely, by way of testimony of David Perry and by way of—

The Court: The only information that he has on the accident is what was told to him and he didn't testify.

\* \* \*

Mr. Loughren: The underlying facts of the accident are in the record in this case.

The Court: Where?

Mr. Loughren: One was when Mr. Olshock read into the record Mr. Beaumont's answer to Interrogatory 3 is a very detailed description of the accident.[4]

Mr. Olshock: It was two sentences.

The Court: We're going to save a lot of argument. You have to put it in. I'll let you reopen your case and you can put it in anyway you want.

\* \* \*

(Mr. Loughren then insisted that the answer to Interrogatory # 3 had already been read into the record.)

The Court: When was that read?

Mr. Olshock: When Perry [Appellee's mechanical engineering liability expert] was testifying.

Mr. Loughren: Mr. Olshock read this into the record of the case. This alone is an adequate description of the facts of the accident in this case.

The Court: He asked that in a cross-examination mode. That doesn't put it in as affirmative evidence.

Mr. Olshock: I asked for the basis of his opinion and he offered that he used that as a basis for his opinion.

Mr. Loughren: Right. Mr. Perry read this as the facts of the accident.

The Court: For his opinion.

Mr. Loughren: We also know – we know what the facts of the accident are.

Mr. Olshock: They don't.

The Court: You know[,] they don't know. I don't know from what has happened in the last two days. If I

4. Interrogatory # 3 requested that Beaumont "state in detail exactly how the accident occurred . . ." The Answer to Interrogatory # 3 provided as follows:

On October 25, 1989, I was unloading a forklift from a Ford truck using the crane mounted on the truck. I had the crane raised to a high position in order to center it over the forklift. The engine of the truck, controlled by a cab located throttle cable, was running loudly at a high speed to pow-

er the crane. I picked the forklift up, moved it to the right, and stopped it where there was room to lower it. I took my eyes off the forklift to locate the lowering lever. After locating the lowering lever, I looked back at the forklift and it was swinging towards me. I tried to jump clear of the forklift but it hit me in the head when I was in midair.

Trial Transcript, 3/23/99, at 144–145.

hadn't tried the first case I wouldn't know that he was hit by something. He's hospitalized. That may be enough, but you have to put it in some affirmative fashion.

Mr. Loughren: I'll offer into evidence the Plaintiff's answers to the Interrogatories that were pled. That is adequate.

The Court: But you do not have any testimony.

Mr. Loughren: All the testimony that takes two hours to read in that deposition all says this right here.

The Court: I'm not saying you have to read the whole deposition. In order to establish a causal relationship for purposes of substantial factor you have got to put in what happened. Merely reciting what they used to formulate an opinion is not sufficient.

Mr. Loughren: I think this is enough right here.

The Court: You've got to try your own case, but you should be reading relevant portions of his deposition.

Trial Transcript, 3/23/99, at 131–135.

¶ 7 Mr. Loughren then proceeded to offer further deposition testimony of the decedent regarding the happening of the accident, the answer to Interrogatory # 3 was read into the record, and Appellee again rested.

¶ 8 Appellant argues that "far from being inadvertent, accidental or a mistake as to the necessity of certain evidence, Beaumont's counsel's actions showed that he deliberately withheld the Decedent's testimony concerning the circumstances of the accident." [5] We are not persuaded.[6]

¶ 9 The trial court addressed Appellant's argument by stating:

[a] careful review of the record reveals that, contrary to [Gergely's] position, the [Appellee] inadvertently or mistakenly omitted testimony regarding the circumstances of the accident. During the side bar at which time the [Appellant] demurred and the [c]ourt subsequently directed the [Appellee] to reopen their case, [Appellee's] counsel stated he believed all of the circumstances of the accident that were relevant and admissible had been put on the record by way of the testimony of various witnesses, including Gergely and the [Appellee's] expert David Perry. (R. at 110). [Appellee's] counsel was forthright in asserting he considered all the underlying facts of the incident to be on the record, specifically James Beaumont's answer to Interrogatory # 3 read into evidence by counsel for Gergely. However, counsel for Gergely had utilized Interrogatory # 3 in cross-examination, therefore, the testimony was not on record as affirmative evidence. (R. at 112). Furthermore, other than the [Appellant's] post-trial contentions, there is no indication [Appellee's] counsel intentionally withheld evidence pertaining to the crane accident. Consequently, due to counsel's inadvertent or mistaken omission and in the interest of a more accurate adjudication, the [c]ourt appropriately directed the [Appellee] to reopen their case-in-chief.

Trial Court Opinion, 8/20/99, at 3–4.

¶ 10 We agree with the conclusion of the trial court, and find that it did not abuse its discretion in reopening Appellee's case, in light of the long standing holdings of *Seaboard Container Corp. v. Rothschild*, 359 Pa. 51, 58 A.2d 800 (1948); *Ebersole v.*

---

5. Appellant's Brief at 14. The decedent, James Beaumont, was the only witness to the accident causing his injuries. Appellant claims that Beaumont's counsel purposefully tried to avoid using Beaumont's deposition testimony, out of fear that the jury may infer and inject principles of comparative negligence into a product liability case, upon hearing the circumstances of the accident according to Mr. Beaumont.

6. Appellant has not provided, nor are we aware of any Pennsylvania case holding that it *is* an abuse of discretion to reopen a case after plaintiff has rested.

*Beistline,* 368 Pa. 12, 82 A.2d 11 (1951); and *In re J.E.F.,* 487 Pa. 455, 409 A.2d 1165 (1979). Accordingly, no relief is due Gergely.

¶ 11 Appellant next asserts that the trial court erred in admitting the hearsay testimony of two witnesses, Herbert Gronemeyer,[7] and the decedent James Beaumont. First, Appellant argues that during the direct testimony of the expert liability witness Mr. Perry, Appellee's counsel read portions of Mr. Gronemeyer's deposition testimony, and asked the witness if counsel had read the transcript correctly, and further, whether Mr. Gronemeyer's testimony contained significant information necessary to formulate his expert opinion. Mr. Perry replied that the testimony was correctly read, and that indeed the information was significant to his analysis. Trial Transcript, 3/23/99, at 70–72. Appellant claims that an objection was placed on the record at this time to the "introduction of Mr. Gronemeyer's testimony". Appellant's Brief at 15. However, our review of the trial transcript reveals that counsel did not object to the introduction of that portion of Gronemeyer's testimony memorialized in Plaintiff's Exhibit 18, which was later admitted into evidence without objection, (Trial Transcript, 3/23/99, at 110), but rather, counsel objected to Mr. Perry's reliance on his review of Gronemeyer's testimony in formulating his own opinions. Since no objection was placed on the record as to the "admission of Gronemeyer's testimony", we find the issue waived.[8] Pa.R.C.P. 227.1(b)(1)(2).[9]

¶ 12 Appellant next argues that the trial court erred in admitting the testimo-

---

7. Mr. Gronemeyer was formerly an employee of Simon–R.O. Corporation, the designer and manufacturer of the crane, who had testified that the crane was designed "specifically for the Conrail railroad system as a track maintenance vehicle", and that it was not intended for sale to the general public, but rather specifically for the railroad industry. Trial Transcript, 3/23/99, at 71.

8. Even were we to reach the merits of Appellant's argument, we find it unavailing. We agree with the analysis of the learned trial court, which held:

> ... Gergely's reasoning is misplaced. [Appellee]'s counsel did not seek to admit Gronemeyer's deposition testimony itself as competent evidence. Rather, the [Appellee]'s expert, David Perry, utilized Gronemeyer's testimony in formulating his own opinions and explained that this testimony is of the type of materials he would generally rely upon when called as an expert witness. (R. at 55–56).
> The law in Pennsylvania is clear, an expert is permitted to express opinions formulated, in part, upon materials which are not in evidence, but which are customarily relied upon by experts in the particular field. Pa. R.E. 703; *Primavera v. Celotex Corp.* 415 Pa.Super. 41, 47, 608 A.2d 515, 518 (1992) *alloc. denied* 533 Pa. 641, 622 A.2d 1374 (1993). The expert may incorporate a nontestifying expert's findings into his own express opinion, however, he is not permitted to merely restate another's conclusions without espousing his own expertise and

judgment. 415 Pa.Super. at 52 [608 A.2d 515]. ... In reading portions of Gronemeyer's deposition, counsel was not providing a recitation of Gronemeyer's opinion, rather counsel was reciting facts related to the crane's specific purpose for the railroad industry and not for use by the general public. (R. at 59). Undoubtedly, as an expert witness, Perry was entitled to rely on these facts in formulating his opinion, which he ultimately did.

Trial Court Opinion, 8/20/99, at 5–6.

We also note that Appellant's liability expert Mr. Park, admitted on cross-examination that he likewise reviewed, and relied in part, on the same information gleaned from Gronemeyer's deposition testimony, in the formulation of his opinion. Trial Transcript, 3/25/99, at 199–200.

9. Pa.R.C.P. 227.1(b)(1) and (2) provide that Post–Trial relief may not be granted unless the grounds therefor:

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

ny of the decedent, James Beaumont, through the use of his deposition taken during other litigation, where Appellant was not a party. Preliminarily, Appellee claims that Gergely has similarly waived this issue by failing to properly preserve it for review pursuant to Pa.R.C.P. 227.1(b)(1) and (2); we do not agree. Appellant (along with various other defendants who are no longer parties to this action) had filed a Motion for Summary Judgment that included a request for a ruling that Mr. Beaumont's prior deposition testimony was inadmissible as a matter of law, which was denied. Trial Court Opinion and Order denying Summary Judgment, 11/22/95. Additionally, Appellant has, through his brief in support of Motion for Post–Trial Relief, specified where during the pre-trial proceedings the grounds have been asserted. Thus, we find the issue properly before us.

■ ¶ 13 The admissibility of the testimony of a witness given at a prior proceeding involves the discretion of the trial judge and will not be disturbed absent an abuse of such discretion. *Morgo v. Borough of West Mifflin,* 116 Pa.Cmwlth. 592, 542 A.2d 627 (1988). Once a trial court is satisfied that a witness is unavailable, their deposition testimony may be admitted as substantive evidence. *Williams v. A–Treat Bottling Co., Inc.,* 380 Pa.Super. 195, 551 A.2d 297, 300 (1988) (*applying* Pa. R.C.P. 4020(a)(3)(c)).

¶ 14 Appellant cites to 42 Pa.C.S.A. § 5934[10] and *Estate of Keefauver,* 359 Pa.Super. 336, 518 A.2d 1263 (1986) to support his position that the decedent's deposition testimony should not have been admitted into evidence. However, we find the authorities cited by Appellant unpersuasive. In *Keefauver,* this Court held that the prior testimony of a deceased psychiatrist, (who had testified at a competency hearing and who had opined that Keefauver's mental condition some 4 months after executing the subject will, was "irreversible, progressive senile dementia") should be excluded during the will contest proceeding, because the identity of the parties was not sufficient to permit admission under § 5934. In declining to extend § 5934 as has been suggested by Professor McCormick,[11] this Court stated: "[h]ad our legislature been inclined to set forth more liberal legislation in this area of evidence, the language of this statute would have reflected that intention." *Id.*

10. Appellant baldly asserts that 42 Pa.C.S.A. § 5934 and not the Pennsylvania Rules of Evidence govern the admission of hearsay testimony. Appellant's Brief at 16. 42 Pa. C.S.A. § 5934 provides:

§ 5934. Notes of evidence at former trial. Whenever any person has been examined as a witness in any civil matter before any tribunal of this Commonwealth or conducted by virtue of its order or direction, if such witness afterwards dies, or is out of the jurisdiction so that he cannot be effectively served with a subpoena, or if he cannot be found, or if he becomes incompetent to testify for any legally sufficient reason, and if the party, against whom notes of the testimony of such witness are offered, had actual or constructive notice of the examination and an opportunity to be present and examine or cross-examine, properly proven notes of the examination of such witness shall be competent evidence in any civil issue which may exist at the time of his examination, or which may be afterwards formed between the same parties and in-

volving the same subject-matter as that upon which such witness was so examined. For the purpose of contradicting a witness, the testimony given by him in another or in a former proceeding may be orally proved. We note however, that the Pennsylvania Supreme Court has, (pursuant to the authority granted to it under Article V § 10(c) of the Constitution of Pennsylvania, adopted April 23, 1968) as a matter of common law development, promulgated both Pa.R.C.P. 4020, and Pa.R.E. 804, which we find controlling.

11. It has been recognized by some courts, under McCormick's guidance, that actual identity of parties or privity between parties is not essential as long as it "appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination." C. McCormick, *Evidence,* § 256, at 765 (Cleary 3rd ed.1984) (footnotes omitted).

*Keefauver,* at 1266.

at 1266. Appellant likewise cites this passage to support his argument that § 5934 is to be strictly interpreted. However, Appellant neglects to acknowledge the footnote to the cited passage wherein this Court added:

> fn. 2. For instance, Fed.R.Evid. 804(b)(1) explicitly recognizes a hearsay exception for former testimony "if the party against whom the testimony is now offered, or, in a civil action or proceeding, *a predecessor in interest,* had an opportunity and *similar motive* to develop the testimony by direct, cross, or redirect examination".

*Id.* at 1266, fn. 2 (emphasis in original). Since the time that *Keefauver* was decided the Pennsylvania Supreme Court did exactly that and adopted the Pennsylvania Rules of Evidence on May 8, 1998, effective October 1, 1998. Pa.R.E. 804 is identical to the federal rule except that it prefaces the term "opportunity" with the modifier "adequate".[12]

¶ 15 Moreover, we, like the trial court, find that Pa.R.C.P. 4020 is controlling as to the use of Mr. Beaumont's prior deposition testimony at trial. Rule 4020 provides in pertinent part:

> Rule 4020. Use of Depositions at Trial
>
> (a) At the trial, any part or all of a deposition, *so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition* or who had notice thereof if required, in accordance with any one of the following provisions:
>
> * * *
>
> (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds
>
> > (a) that the witness is *dead,* or
> >
> > * * *
> >
> > (e) upon application and notice that *such exceptional circumstances exist* as to make it desirable, *in the interest of justice* and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

Pa.R.C.P. 4020 (emphasis added).

¶ 16 The trial court, in finding that Appellant was "constructively represented" at Mr. Beaumont's prior deposition relied upon *Gosha v. City of Philadelphia,* 30 D. & C.3d 190 (Phila.Cty.1982), *affirmed by, Commonwealth v. Gosha,* 84 Pa.Cmwlth. 466, 479 A.2d 85 (1984) to support its analysis, recognizing that the issue presented herein is one of first impression for Pennsylvania State Appellate Courts.[13,14]

---

**12.** Pa.R.E. 804(b)(1) provides:

(b) Hearsay Exceptions.

The following statements, as hereinafter defined, are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1) Former Testimony.

* * *

(1) Former Testimony

Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, *if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an adequate opportunity and similar motive to develop the testimony* by direct, cross, or redirect examination.

Pa.R.E. 804(b)(1) (emphasis added).

**13.** The trial court noted: "At least one court in Pennsylvania has opined that a party has been 'constructively represented' at the taking of a deposition if the party in the previous action had the incentive to vigorously protect the same interests that the parties to the current action would want to protect." Trial Court Opinion and Order denying Summary Judgment, 11/22/95, at 5.

**14.** While this appears to be a case of first impression for our State Appellate Courts, this issue has been addressed by the distinguished jurist, Judge (now Senior Judge) Ruggero Aldisert of the Third Circuit Court of Appeals writing for the majority in *Lloyd v. American Export Lines, Inc.,* 580 F.2d 1179 (3 rd Cir.1978) *cert. denied by, Alvarez v. American Export Lines, Inc.,* 439 U.S. 969, 99 S.Ct. 461, 58 L.Ed.2d 428 (U.S.Pa.1978). Judge

¶ 17 The trial court, after citing Pa. R.C.P. 4020, reasoned:

> This rule allows a deposition to be admissible as substantive evidence if two requirements are met. The first requirement is that the party against whom the deposition is sought to be introduced was present or represented at the taking of the deposition. Rule 4020(a). The parties do not dispute that the current defendants, ETL, Gergely, and Conrail, were not present at the deposition of Mr. Beaumont taken in connection with the action in federal court against Simon–R.O. nor did the defendants have notice of that deposition. The issue thus becomes whether the defendants were constructively represented at the deposition. At least one court in Pennsylvania has opined that a party has been "constructively represented" at the taking of the deposition if the party in the previous action had the incentive to vigorously protect the same interests that the parties to the current action would want to protect. *Gosha v. City of Philadelphia*, 7 Phila. 302 [30 Pa. D. & C.3d 190] (1982). [30 D. & C.3d 190 (Phila.Cty.1982) ].

Aldisert, after thoroughly reviewing the Congressional History of Rule 804(b)(1), and examining the viewpoints of several scholars, (including J. Weinstein and M. Berger, *Weinstein's Evidence;* Roscoe Pound, *A Survey of Social Interests,* 57 Harv.L.Rev. 1 (1943); Karl Llewellyn, *A Realistic Jurisprudence The Next Step,* 30 Colum.L.Rev. 430 (1930); McCormick, *Handbook of Law of Evidence* (2d ed.1972); and Falknor, *Former Testimony and the Uniform Rules: A Comment,* 38 N.Y.U.L.Rev. 651 (1963)) concluded by holding:

> While we do not endorse an extravagant interpretation of who or what constitutes a "predecessor in interest," we prefer one that is realistically generous over one that is formalistically grudging. We believe that what has been described as "the practical and expedient view" expresses the congressional intention: *"if it appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination, the testimony may be received against the*

The rationale for the requirement of representation is that the party against whom the admission of the deposition is sought would be unfairly prejudiced if it did not have the opportunity to cross-examine the witness in order to protect its interests. In *Gosha,* the plaintiff's decedent fell due to a sidewalk defect. The plaintiff's decedent sued the City of Philadelphia and an individual. The plaintiff's decedent gave a deposition in connection with this case, and subsequently died of causes unrelated to the case. After the decedent's death, the Commonwealth was joined as a defendant. At trial the plaintiff sought to use the decedent's deposition as substantive evidence against the Commonwealth. The court held that the Commonwealth was "constructively represented" at the deposition since the city would have vigorously cross-examined the deponent on the same issues that the Commonwealth would have contested. This emphasis on the similar interests of the cross-examining party and the party against whom the admission of the deposition is sought has been persuasively argued in Professor Wigmore's seminal treatise

*present party."* [FN15] Under these circumstances, the previous party having like motive to develop the testimony about the same material facts is, in the final analysis, a predecessor in interest to the present party.

> FN15. McCormick, Supra, § 256 at 619–20. The approach of the Federal Rules of Evidence is to examine proffered former testimony in light of the prior opportunity and motive to develop the testimony, whether in the form of direct, redirect or cross-examination. This less restrictive approach finds support among commentators. See McCormick, Supra, § 255 at 617; Falknor, *Former Testimony and the Uniform Rules: A Comment,* 38 N.Y.U.L.Rev. 651 n. 1 (1963).

*Lloyd,* at 1187 (emphasis added).

We recognize the lack of precedential effect of federal court decisions interpreting the Federal Rules of Evidence, as they may relate to the Pennsylvania Rules of Evidence, *see Preface* to Pa.R.E., however we may look to the decisions of other courts for guidance and the benefit of their well-reasoned analysis.

*Wigmore on Evidence.* Section 1388 of that treatise states:

"The principle then, is that where the interest of the person was calculated to induce equally as thorough a testing by cross-examination, then the present opponent has had adequate protection for the same end. Thus, the requirement of identity of parties is after all only an incident or corollary of the requirement as to identity of issue."

Professor Wigmore's assertion is that it is only the protection of the interest that is vital to assuring that the party against whom the deposition is offered against is not unfairly prejudiced. As the court noted in *Gosha* :

"It is true that the Commonwealth was prejudiced by the use of the deposition against it. However, this is the type of prejudice that is present in every case, civil or criminal, when evidence is admitted against a party. The question to be addressed is whether it was unfairly and improperly prejudicial. We must answer no. At the time of the deposition all of the appropriate issues were explored by the city. The issues on the questions of liability were identical as to both defendants. The Commonwealth has not particularized any issue or specific issue that was not properly explored and addressed by the city." *Gosha, supra* at 307–308.

As in *Gosha*, this court must determine whether the use of Mr. Beaumont's deposition, taken without the opportunity for cross-examination by the current defendants, would unfairly prejudice those defendants.

In the present case, Mr. Beaumont would have been a fact witness. As the court noted earlier, he was the only eyewitness to the incident that forms the basis of the suit, namely the forklift falling on him. Mr. Beaumont also would have been a fact witness concerning the injuries he sustained as a result

of the accident. The present defendants would want to cross-examine on both of these issues. However, these issues were in fact the ones that were contested by Simon–R.O. in the federal suit. In addition, since Simon–R.O. was the sole defendant in that case and would have been wholly liable for the amount of damages awarded, Simon–R.O. would have had as great an incentive to vigorously cross-examine Mr. Beaumont during the taking of his deposition as the current defendants would have in the trial in this case. The court holds that the present defendants would not be unfairly prejudiced by the admission of Mr. Beaumont's deposition at trial. Consequently, the plaintiff's experts are entitled to use that deposition as the foundation for their opinions.

Trial Court Opinion and Order denying Summary Judgment, 11/22/95, at 5–7.

¶ 18 We agree with the learned trial court, and adopt its analysis in holding that the deposition testimony of the decedent, James Beaumont, was properly admitted into evidence under the circumstances of this case, based upon Pa.R.C.P. 4020, Pa.R.E. 804(b)(1), and *Gosha v. City of Philadelphia*, 30 D. & C.3d 190 (Phila.Cty.1982), *affirmed by, Commonwealth v. Gosha*, 84 Pa.Cmwlth. 466, 479 A.2d 85 (1984).

¶ 19 Finding no abuse of discretion or error of law by the trial court, we affirm.

¶ 20 Affirmed.

¶ 21 POPOVICH, J., Concurs in the Result.