409 A.2d 1165

**In re J. E. F., a minor.**

**Appeal of ALLEGHENY COUNTY INSTITUTION DISTRICT.**

Supreme Court of Pennsylvania.

Argued Sept. 18, 1979.

Decided Dec. 21, 1979.

Alexander J. Jaffurs, County Sol., James A. Esler, Cheryl Allen Craig, Asst. County Sols., Pittsburgh, for appellant.

Michael W. Burns, Dickie, McCamey & Chilcote, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

This is an appeal by the Children and Youth Services of Allegheny County from the final decree of the Court of Common Pleas of Allegheny County, Orphans' Court Division, dismissing its petition seeking the involuntary termination of parental rights and duties of E.F.H. in her son, J.E.F.[1]

The facts in the record important to this appeal are these:

J.E.F. was born August 25, 1964. In October, 1969, his parents were divorced. On March 8, 1971, J.E.F. was placed under the custody of the Allegheny County Children and Youth Services (Agency) pursuant to an entrustment agreement signed by both parents. The petition to terminate the parental rights was filed on February 11, 1977. Hearings on this petition followed on March 15, 1977 and January 10, 1978.

At the first hearing on March 15, 1977, the appellant-Agency presented its case-in-chief consisting of the testimony of four of its employees. Subsequently, the testimony of these witnesses as to what occurred between March, 1971 and October, 1975, was stricken from the record by the trial court pursuant to *Sanders Appeal,* 454 Pa. 350, 312 A.2d 414 (1973), since their testimony pertaining to this period was based on a summary of the Agency's records. The witnesses' testimony, relating to events occurring between October, 1975 and February 11, 1977, was ruled competent. This testimony established that the appellee-mother did not contact J.E.F. or the Agency between October, 1975 and May, 1976, a period of seven months.

---

1. The petition also requested the involuntary termination of the parental rights of T.F., Jr., the father of J.E.F., but the court refused to hear the father's testimony and, finally, refused to terminate his parental rights because of his lack of counsel and apparent confusion at the time the case was called for hearing. Appellant has not submitted any persuasive reason demonstrating why the court's action in this respect was in error or an abuse of discretion.

After the Agency rested its case, the appellee-mother moved for a compulsory nonsuit. Appellant-Agency then requested permission to reopen its case to permit the introduction of its records into evidence for the court's consideration. Both motions were denied. A second hearing ensued on January 10, 1978.

At this second hearing, the appellee conceded she had no direct contact with J.E.F. between 1972 and May, 1976, but offered testimony to explain why. On September 26, 1978, the trial court dismissed Agency's petition, ruling it had not met its burden of proof. Exceptions to this adjudication were dismissed by a court en banc, and this appeal followed from the final decree.

We conclude the trial court erred in denying Agency's request to reopen its case and introduce into evidence its records relating to the subject of these proceedings.[2] The entire history of Agency's relations with J.E.F. and his mother was necessary to a proper determination of the crucial issue.

The general rule is that "a court may, in its discretion, reopen the case after a party has closed for the taking of additional testimony, but such matters are peculiarly within the sound discretion of the trial court, and a denial of [an] opportunity for a rehearing for the purpose of introducing additional evidence will not ordinarily be disturbed." *Commonwealth v. Deitch Co.*, 449 Pa. 88, 295 A.2d 834 (1972). Such a ruling will be disturbed only if the court has abused its discretion. *Thomas v. Waters*, 350 Pa. 214, 38 A.2d 237 (1944). See also *Van Buren v. Eberhard*, 377 Pa. 22, 104 A.2d 98 (1954).

In determining whether there has been an abuse of discretion in denying a motion to reopen a case for further evidence, it is logical to review those factors which a court should consider when confronted with such a motion.

This Court has previously found it proper to reopen a case to allow the introduction of additional evidence where the

2. The competency of these records is apparently unchallenged.

evidence has been omitted by accident, inadvertence, or even because of mistake as to its necessity (*Seaboard Container Corp. v. Rothschild*, 359 Pa. 51, 58 A.2d 800 (1948)), but not where the omission was intentional (*Ebersole v. Beistline*, 368 Pa. 12, 82 A.2d 11 (1951)). We have also stated that a case may be reopened where it is desirable that further testimony be taken in the interest of a more accurate adjudication (*Thomas v. Waters*, supra; *Massachusetts B & I Co. v. Johnston & Harder, Inc.*, 343 Pa. 270, 22 A.2d 709 (1941)) and where an honest purpose would be justly served without unfair disadvantage (*Van Buren v. Eberhard*, supra).

The present case seems to fit within these guidelines. Here, the failure to introduce the records into evidence appears to have been the result of inadvertence or mistake as to their necessity (see *Seaboard Container Corp. v. Rothschild*, supra), rather than an intentional tactic. In addition, the trial court itself appears to have recognized the necessity of these records to an accurate adjudication and their probable effect on the result. See *Thomas v. Waters*, supra. For example, on pages 5–6 of its opinion, the trial court said:

"What may have occurred between those dates [1972 and October, 1975—the time period for which there was no competent testimony by appellant's witnesses] must be established or introduced into the case by competent evidence. If not, it cannot provide the 'swing factor' in the determination. *Sanders*, supra [454 Pa.] at 355 [312 A.2d at 417]."

On page 7 of the opinion, in a discussion of the first possible ground for termination under Section 311(1) of the Adoption Act (a settled purpose of relinquishing parental claim), the court stated:

"From their own knowledge, petitioner's witnesses were only able to say that the mother had placed the child with Child Welfare. Placement in Child Welfare's custody for a period of more than six months does not justify a decree of involuntary termination. Other matters are in all probability involved here, but petitioner did not properly present them." [Citation omitted.]

Furthermore, when discussing the second ground for termination under Section 311(1) (failure to perform parental duties) the Orphans' Court said:

> "As to the failure to communicate, the difficulty with the introduction of Child Welfare's records presents a serious problem to petitioner's case . . . .. It is found that regarding the mother, petitioner did not meet its burden of proof. The record was not adequately developed."

As for the remaining factors, reopening the case would serve an honest purpose by giving the court a more complete picture of the situation under consideration and would not create an unfair disadvantage as long as appellee was allowed to review the records before they were offered into evidence. Finally, the danger, identified in *Van Buren v. Eberhard*, supra, that testimony will be manufactured or colored to supply deficiencies revealed by opposing counsel's argument, does not really exist here since the appellant wishes to introduce records, rather than the testimony of witnesses.

In light of these factors, particularly the Orphans' Court's recognition of the importance of these records to appellant's case and this Court's directive that " '[c]ourts are, and in general should be, liberal in permitting the recall of witnesses to correct mistakes [and] oversights in the testimony . . .,' " *Van Buren v. Eberhard*, supra, 377 Pa. at 29, 104 A.2d at 101, quoting *Wiser v. Parkway Baking Co.*, 289 Pa. 565, 568, 137 A. 797 (1927), we find that the Orphans' Court abused its discretion in denying appellant's motion to reopen the case for the introduction of its record.

Hence, the decree is vacated and the record is remanded for further proceedings consistent with this opinion.[3] Each party to pay own costs.

MANDERINO, J., did not participate in the decision of this case.

---

3. Due to the lapse of time between the filing of the petition (the Orphans' Court having decided not to consider post-petition events) and the date of this opinion, events in the interim period relating to

appellee's present intention and ability to provide adequate parental care should also be considered when the new proceeding on this matter is held. See *Sanders Appeal*, supra, 454 Pa. at 355 n. 9, 312 A.2d at 417 n. 9 (1973). These intervening events should be considered due to the Commonwealth's interest in restoring and preserving families where possible. See *In re William L.*, 477 Pa. 322, 383 A.2d 1228 (1978); *Jones Appeal*, 449 Pa. 543, 297 A.2d 117 (1972); *In re Adoption of R. I.*, 468 Pa. 287, 361 A.2d 294 (1976); Juvenile Act, 42 Pa.C.S.A. § 6301.