Colonial Taxi Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Mark S. Shiffman, Baskin and Sears, P.C.,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Counsel, for respondent.

OPINION BY JUDGE BARRY, August 10, 1984:

This appeal of Colonial Taxi Company (Colonial) is from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's award of unemployment compensation benefits to Martha C. O'Neil (claimant).

Claimant was last employed by Colonial as a paratransit aide on a school bus which carried handicapped children. She worked from January 1981 to June 10, 1981, when she was separated from employment because school closed for the summer. In May, 1981, claimant had received an availability form from Colonial which requested information regarding her availability during the summer as a driver. Claimant deleted the word "driver" and substituted the word "aide" and returned the form to Colonial. She could not be employed as a driver because she did not have a driver's license. Claimant was informed that summer work might be available to drivers and aides in early July, 1981.

Claimant had indicated on her employment application for Colonial that she had worked for Bell Telephone Company as an operator from 1954 to 1976. Colonial had interviewed several women for work as telephone operators during May and June, 1981, but had not contacted claimant for possible work as a telephone operator.

Claimant had sought information regarding available summer work from an office worker but was told

that no work was available for her. She, however, actively sought other employment elsewhere as a teacher's aide. On July 7, 1981, claimant returned to work with Colonial.

The Office of Employment Security awarded benefits to the claimant and a referee, whose findings and conclusions were adopted by the Board, affirmed the award of benefits. The referee determined that claimant satisfied the requirements under Section 401(d)-(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d) (Supp. 1984-85), for unemployment compensation benefits because she was able and available for suitable work, and maintained an attachment to the labor market.

Our scope of review is limited to whether the findings of fact made by either the Board or referee are supported by substantial evidence in the record. *Hussar v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 28, 432 A.2d 643 (1981). We deal primarily with Section 401(d) of the Law which provides that a claimant must be both available for work and attached to the labor market to be eligible for unemployment compensation benefits. *Unemployment Compensation Board of Review v. Molitoris,* 24 Pa. Commonwealth Ct. 360, 356 A.2d 863 (1976).

Colonial argues that claimant failed to make a good faith attempt to secure other work from Colonial and, therefore, she is ineligible for unemployment compensation benefits. Examination of the record leads us to conclude that this contention is incorrect. It was not denied that claimant had completed an availability form given to her by Colonial on which she indicated her willingness to work for Colonial. The record shows that claimant had also advised Colonial of previous work experience as a telephone operator but

claimant had not been contacted by Colonial for this position even though it had interviewed prospective employees for telephone operator jobs. We, therefore, conclude that the referee was corrct in finding that claimant was able and available for suitable work but Colonial had failed to contact her regarding any openings.

Colonial next argues that Section 402.1 of the Law which awards benefits based on service for educational institutions should be applied to the present case. We disagree because Colonial does not specifically fall within the definition of an educational service agency as described by the Law.[1]

Colonial finally asserts that the Board erred because it failed to rule upon its motion to reopen the record for the submission of additional documentary evidence or to consider this evidence before rendering a decision. The evidence in question involved an availability form signed by claimant prior to the Board's review of the referee's decision. It contends that admission of the form would shed doubt on claimant's credibility because she had testified that she had deleted "driver" and substituted "aide" when, in fact, she had not. The motion was not answered by the Board yet it is abundantly clear that the admission of this evidence would not have materially affected the outcome of the case since it, as well as other evidence, indicate claimant's willingness to work for Colonial. *See In Re: J.E.F.*, 487 Pa. 455, 409 A.2d 1165 (1979).

The findings and conclusions made by the referee and adopted by the Board are supported by substan-

---

[1] An educational service agency is defined by Section 402.1(4) as a "governmental agency or governmental entity which is established and operated exclusively for the purposes of providing such services to one or more educational institutions." 43 P.S. §802.1(4) (Supp. 1984-85).

434

tial evidence and, therefore, for the reasons set forth above, we affirm the Board's decision.

ORDER

Now, August 10, 1984, the order of the Unemployment Compensation Board of Review, dated October 21, 1981, at No. B-200422, is affirmed.