J-S51001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.F.M., FATHER | : | No. 3249 EDA 2014 |

Appeal from the Order October 23, 2014
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-DP-0000669-2012

| | | |
|---|---|---|
| IN THE INTEREST OF: K.H.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.F.M., FATHER | : | No. 3250 EDA 2014 |

Appeal from the Order October 23, 2014
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-DP-0000675-2012

| | | |
|---|---|---|
| IN THE INTEREST OF: A.H.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.F.M., FATHER | : | No. 3251 EDA 2014 |

Appeal from the Order October 23, 2014
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-DP-0000676-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED OCTOBER 02, 2015**

Appellant, A.F.M. ("Father") appeals from the orders entered in the

Philadelphia County Court of Common Pleas, Family Court Division, which

found aggravated circumstances existed and reasonable efforts were no

longer required of the Department of Human Services ("DHS") to reunify

_____

*Retired Senior Judge assigned to the Superior Court.

Father and J.M., K.H.M., and A.H.M. ("Children"). We affirm in part and vacate in part.

The trial court fully set forth the relevant facts and procedural history of this case in its opinion filed March 24, 2015. Therefore, we have no need to restate them at length; but we will summarize them briefly. Most recently, since the spring of 2012, DHS has been involved with this family, based on reports of Father's excessive and inappropriate discipline toward Children and their failure to thrive. Each child suffered varied expressions of Father's severe discipline and severe physical and emotional consequences as a result of his systematic starvation of Children. Consequently, Children were placed under protective orders, followed by findings of dependency and commitment to DHS' custody. The court initially permitted supervised visits with Father, except for J.M., whose visits with Father were suspended. Throughout 2012, the court held regular permanency review hearings, after which the court continued Father's supervised visits with Children, except for J.M. Visits with J.M. remained at the discretion of J.M.'s therapist.

The instant proceedings began with child advocate petitions, filed on February 5, 2013, for a finding of "aggravated circumstances" and child abuse against Father relative to all three children. On November 13, 2013, the child advocate filed amended petitions for a finding of aggravated circumstances and child abuse against Mother as well. The hearing on these petitions was scheduled and rescheduled throughout the end of 2013 and

into 2014, based on appointment of new counsel, court schedules, and/or counsel's schedules. The hearings eventually occurred on July 7, 2014, September 8, 2014, October 1, 2014, October 15, 2014, and October 23, 2014.[1] At the October 23, 2014 hearing, the court found "aggravated circumstances" existed as to Father relative to all three Children and allowed DHS to discontinue reasonable efforts to reunify Father and Children. The court suspended Father's visits with J.M. and K.H.M. The court scheduled a hearing for December 1, 2014, to continue the permanency testimony for A.H.M. and decide visitation issues regarding Father and A.H.M.[2] Meanwhile, Father timely filed notices of appeal from the court's October 23, 2014 orders on Monday November 24, 2014, accompanied by a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(a)(2)(i).[3]

---

[1] At the start of the October 15, 2014 hearing, the child advocate withdrew the petition for aggravated circumstances/child abuse against Father regarding J.M. At the start of the October 23, 2014 hearing, the parties argued that, despite the child advocate's withdrawal of the petition for aggravated circumstances against Father regarding J.M., the court could still find aggravated circumstances as to J.M. if the court found aggravated circumstances against Father as to A.H.M. and/or K.H.M., because a finding as to one child applies to all other children. Father's counsel objected, stating a new motion must be filed against Father regarding J.M. on the basis of the sibling finding. The court overruled the objection.

[2] The permanency hearing for A.H.M. ultimately concluded on January 15, 2015. The court suspended Father's visits with A.H.M. until further notice. Father filed an appeal from that order, docketed at No. 624 EDA 2015. By order dated July 2, 2015, the appeal at No. 624 EDA 2015 was dismissed for failure to file a brief.

[3] Notwithstanding the initial appeal filing date, these consolidated appeals were not listed for disposition due to the delay in transmittal of the certified

On appeal, Father raises the following issues:

> WAS FATHER DENIED A FAIR HEARING AND DUE PROCESS BY THE TRIAL COURT'S REFUSAL TO PERMIT FATHER TO TESTIFY?
>
> DID THE [TRIAL] COURT ERR IN FINDING AGGRAVATED CIRCUMSTANCES AS TO J.M. AS THE CHILD ADVOCATE HAD WITHDRAWN [HER] PETITION AS SUCH THE COURT MADE A DECISION ON A CHILD IN WHICH THERE WAS NO PETITION BEFORE THE COURT?
>
> DID THE [TRIAL] COURT ERR IN DETERMINING THAT AGGRAVATED CIRCUMSTANCES EXIST AGAINST FATHER AS DHS FAILED TO PROVE THE CIRCUMSTANCES BY "CLEAR AND CONVINCING EVIDENCE" THAT FATHER EITHER DIRECTLY OR BY NEGLECT CAUSED THE CHILD'S INJURIES AS REQUIRED BY 42 PA.C.S.A. § 6341(C.1) AND 42 PA.C.S.A. § 6302.
>
> DID THE [TRIAL] COURT ERR IN DENYING FATHER VISITATION OF J.M. AND K.H.M.

(Father's Brief at 4).

The applicable scope and standard of review for dependency cases is as follows:

> The standard of review which this Court employs in cases of dependency is broad. However, the scope of review is limited in a fundamental manner by our inability to nullify

---

record to this Court. The certified record was first due by December 24, 2014. On January 8, 2015, this Court contacted the trial court and repeatedly requested the certified record and the court's opinion. This Court finally received both the certified record and the opinion on March 26, 2015, causing the briefing schedule to be deferred by three months. Further Father sought another thirty days in extensions of time to file a brief. Appellees also sought and were granted short extensions of time to file briefs, which were all filed by June 29, 2015. *See In re T.S.M.*, 620 Pa. 602, 609 n.7, 71 A.3d 251, 255 n.7 (2013) (reproaching this Court for **unexplained** delays in disposition of cases involving at-risk children, causing them to remain in stasis for substantial, unnecessary time).

the fact-finding of the lower court. We accord great weight to this function of the hearing judge because he is in the position to observe and rule upon the credibility of the witnesses and the parties who appear before him. Relying upon his unique posture, we will not overrule his findings if they are supported by competent evidence.

*In re A.H.*, 763 A.2d 873, 875 (Pa.Super. 2000) (citations omitted). *See also In re L.Z.*, ___ Pa. ___, ___, 111 A.3d 1164, 1174 (2015) (reiterating standard of review in dependency cases requires appellate court to accept trial court's findings of fact and credibility determinations if record supports them, but appellate court is not required to accept the trial court's inferences or conclusions of law); *In re D.P.*, 972 A.2d 1221, 1225 (Pa.Super. 2009), *appeal denied*, 601 Pa. 702, 973 A.2d 1007 (3009) (stating applicable standard of review in dependency cases is "abuse of discretion"). Further, in placement and custody cases involving dependent children:

> The trial court, not the appellate court, is charged with the responsibilities of evaluating credibility of the witnesses and resolving any conflicts in the testimony. In carrying out these responsibilities, the trial court is free to believe all, part, or none of the evidence. When the trial court's findings are supported by competent evidence of record, we will affirm even if the record could also support an opposite result.

*In re S.G.*, 922 A.2d 943, 947 (Pa.Super. 2007). The Pennsylvania Juvenile Act,[4] which was amended in 1998 to conform to the federal Adoption and Safe Families Act ("ASFA"),[5] controls issues pertaining to the custody and

---

[4] 42 Pa.C.S.A. §§ 6301-6365.

[5] 42 U.S.C. § 671 *et seq*.

- 5 -

placement of dependent children. *Id.* "The policy underlying these statutes is to prevent children from languishing indefinitely in foster care, with its inherent lack of permanency, normalcy, and long-term parental commitment. Consistent with this underlying policy, the 1998 amendments to the Juvenile Act, as required by the ASFA, place the focus of dependency proceedings, including change of goal proceedings, on the child." *Id.* In other words, these Acts equally emphasize the best interests of the child is at the heart of the court proceedings; although the reunification of children placed in foster care with their natural parents is a primary goal, the ASFA "was designed to curb an inappropriate focus on protecting the rights of parents when there is a risk of subjecting children to long term foster care or returning them to abusive families." *In re C.B.*, 861 A.2d 287, 295 (Pa.Super. 2004).

> Both statutes are compatible pieces of legislation seeking to benefit the best interest of the child, not the parent. There is no denying that ASFA promotes the reunification of foster care children with their natural parents when feasible, but the one notable exception to the goal of reunification is where aggravated circumstances are extant in the home, which encompasses abandonment, torture, and/or abuse of a chronic or sexual nature:
>
> > (D) reasonable efforts … shall not be required to be made with respect to a parent of a child if a court of competent jurisdiction has determined that—
> >
> > (i) the parent has subjected the child to aggravated circumstances (as defined in State law, which definition may include but need not be limited to abandonment, torture, chronic abuse, and sexual abuse)[.]

- 6 -

42 U.S.C. § 671(a)(15)(D)(i). In like fashion, Pennsylvania's Juvenile Act focuses upon reunification of the family, which means that the unity of the family shall be preserved "whenever possible." 42 Pa.C.S.A. § 6301(b)(1). However, as with ASFA, all family reunification may cease in the presence of a finding of aggravated circumstances…:

> **(c.1) Aggravated circumstances.**—If the county agency or the child's attorney alleges the existence of aggravated circumstances and the court determines that the child is dependent, the court shall also determine if aggravated circumstances exist. If the court finds from clear and convincing evidence that aggravated circumstances exist, the court shall determine whether or not reasonable efforts to prevent or eliminate the need for removing the child from the home or to preserve and reunify the family shall be made or continue to be made and schedule a dispositional hearing as required by section [6351(e)(3)] (relating to disposition of dependent child).

42 Pa.C.S.A. § 6341(c.1).

*In re M.S.*, 980 A.2d 612, 615 (Pa.Super. 2009), *appeal denied*, 603 Pa. 710, 985 A.2d 220 (2009). "Safety, permanency, and the well-being of the child must take precedence over all other considerations, including the rights of the parents." *Id.*

Our Juvenile Act defines "Aggravated circumstances" as including the following circumstances:

**§ 6302. Definitions**

**"Aggravated circumstances."** Any of the following circumstances:

\* \* \*

- 7 -

(2) The child or another child of the parent has been the victim of physical abuse resulting in serious bodily injury, sexual violence or aggravated physical neglect by the parent.

42 Pa.C.S.A. § 6302(2). The definition of "child abuse" in effect at the time of these cases included:

**§ 6303. Definitions**

**(b) Child abuse.—**

(iv) Serious physical neglect by a perpetrator constituting prolonged or repeated lack of supervision or the failure to provide essentials of life, including adequate medical care, which endangers a child's life or development or impairs the child's functioning.

23 Pa.C.S.A. § 6303(b)(iv). "Aggravated physical neglect" means "[a]ny omission in the care of the child which results in a life-threatening condition or seriously impairs the child's functioning." 42 Pa.C.S.A. § 6302. Section 6334 of the Juvenile Act addresses petitions alleging aggravated circumstances in pertinent part as follows:

**§ 6334. Petition**

\* \* \*

**(b) Aggravated circumstances—**

(1) An allegation that aggravated circumstances exist may be brought:

(i) in a petition for dependency with regard to a child who is alleged to be a dependent child; or

(ii) in a petition for a permanency hearing with regard to a child who had been determined to be a

dependent child.

> (2)   The existence of aggravated circumstances may be alleged by the county agency or the child's attorney. …
>
> (3)   A petition for dependency or a permanency hearing that alleges aggravated circumstances shall include a statement of the facts the…child's attorney intends to prove to support the allegation.  …

42 Pa.C.S.A. § 6334(b).   Section 6351 of the Juvenile Act governs the disposition of the dependent child.  42 Pa.C.S.A. § 6351.

In dependency cases, the standard to measure visitation depends on the goal mandated in the family service plan.  **In re C.B.**, 861 A.2d 287, 293 (Pa.Super. 2004), *appeal denied*, 582 Pa. 692, 871 A.2d 187 (2005). "Where…reunification still remains the goal of the family service plan, visitation will not be denied or reduced unless it poses a grave threat.  If the goal is no longer reunification of the family, then visitation may be limited or denied if it is in the best interests of the…children." **Id.** (quoting **In re B.G.**, 774 A.2d 757, 760 (Pa.Super. 2001)).

> The "grave threat" standard is met when the evidence clearly shows that a parent is unfit to associate with his…children; the parent can then be denied the right to see them.   This standard is satisfied when the parent demonstrates a severe mental or moral deficiency that constitutes a grave threat to the child.

**In re C.B., supra** at 294 (internal citations and some quotation marks omitted).

Finally, "The general rule is that a court may, in its discretion, reopen

the case…for the taking of additional testimony, but such matters are peculiarly within the sound discretion of the trial court….” **Colonna v. Colonna**, 791 A.2d 353, 356-57 (Pa.Super. 2001), *appeal denied*, 569 Pa. 690, 803 A.2d 732 (2002) (quoting **In re J.E.F.**, 487 Pa. 455, 458, 409 A.2d 1166 (1979)).

> Such a ruling will be disturbed only if the court has abused its discretion.
>
> In determining whether there has been an abuse of discretion in denying a motion to reopen a case for further evidence, it is logical to review those factors which a court should consider when confronted with such a motion.
>
> This Court has previously found it proper to reopen a case to allow the introduction of additional evidence where the evidence has been omitted by accident, inadvertence, or even because of mistake as to its necessity…but not where the omission was intentional…. We have also stated that a case may be reopened where it is desirable that further testimony be taken in the interest of a more accurate adjudication…and where an honest purpose would be justly served without unfair disadvantage….

*Id.* at 458-59, 409 A.2d at 1166 (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Joseph Fernandes, we conclude Father's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed March 24, 2015, at 1-18) (finding: (1) Father testified at September 8, 2014 hearing; given scheduling and coordination difficulties, Father knew he had to testify at October 15,

- 10 -

2014 hearing, at specific time and date certain, but he intentionally left courthouse and did not return until 45 minutes after hearing was scheduled and after closing arguments; based on Father's September 8, 2014 testimony, Father's proposed additional testimony would have been cumulative; court had sufficient evidence to reach decision on aggravated circumstances; (2) court asks us to vacate its decision against Father on aggravated circumstances/no reasonable efforts regarding J.M., solely because child advocate withdrew that petition; (3) evidence was sufficient to support aggravated circumstances and child abuse against Father as to K.H.M. and A.H.M, based on Father's excessive discipline and systematic neglect of Children's basic caloric needs and resulting obvious health problems, which resolved following removal from home and normal diet; (4) based on competent, credible testimony, court continued suspension of Father's visitation with J.M. because his heinous and repugnant actions toward J.M. posed grave threat to health, safety, and welfare of J.M.; K.H.M.'s visits with Father have hindered her progress in therapy; K.H.M. is so afraid of Father that she cannot disclose her fears in therapy because she is afraid Father will kill her with gun if she shares what happens during visits with Father; K.H.M. needs to feel physically and emotionally safe so she can heal from trauma she suffered at Father's hand; Father posed grave threat to health, safety, and welfare of K.H.M.; based on competent, credible testimony, court suspended Father's visitation with K.H.M.).

With respect to Father's complaint about reopening the record, under the circumstances of this matter, we conclude the court properly found that the proposed additional evidence from Father would not have led to a more accurate adjudication and its absence had no problematic effect on the result. *See In re J.E.F., supra*. Further, the record supports the court's decisions on aggravated circumstances against Father with respect to K.H.M., and A.H.M. The record also supports the court's findings as to J.M. Nevertheless, based solely on the child advocate's withdrawal of the petition for a finding of aggravated circumstances/child abuse regarding J.M., and in accord with the trial court's request, we vacate the court's finding of aggravated circumstances against Father as to J.M. only. We affirm the court's orders in all other respects, based on the trial court's opinion.

Orders affirmed in part and vacated in part. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2015

- 12 -